UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2012 MAY -4  PM 1:09

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| JASON JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) CASE NO: |
| | ) |
| HOWARD COUNTY CLERK | ) |
| KIMMERLY WILSON and HOWARD COUNTY | ) |
| SHERIFF STEVE ROGERS, | ) |
| in their official capacities, and | ) |
| | ) |
| FORMER HOWARD COUNTY CLERK | ) 1:12-cv-0594 SEB-DKL |
| MONA MYERS, FORMER HOWARD COUNTY | ) |
| SHERIFF MARTY TALBERT, LT. ROBIN BYERS, | ) |
| JOHN DOES 1-10 and JANE DOES 1-10, | ) |
| in their official and personal capacities, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### Introduction

1. This is an action for damages and equitable relief brought by Plaintiff, Jason Jones, against Howard County Clerk Kimmerly Wilson, Howard County Sheriff Steve Rogers, Former Howard County Clerk Mona Myers, Former Howard County Sheriff Marty Talbert, Lt. Robin Byers, John Does 1-10 and Jane Does 1-10, that arises from the deprivation of Jones's right to vote. While a pre-trial detainee at the Howard County Jail in 2010, Jones was wrongfully denied his right to vote in the 2010 primary and general elections by the Defendants, despite the repeated protestations and requests of Jones. Jones filed multiple grievances but the

Defendants refused to allow him to vote in either election, and therefore intentionally violated the rights Jones has under state and federal law.

## Jurisdiction, Venue and Cause of Action

2. This Court has original subject matter jurisdiction of the federal questions presented herein pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction of the state law claim presented herein pursuant to 28 U.S.C. § 1367(a), because the state and federal claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), for some or all of the defendants reside in this judicial district and a substantial part of the events or omissions giving rise to these claims arose here.

4. This is an action brought pursuant to the right of action recognized pursuant to 42 U.S.C. § 1983, and pursuant to the laws of the State of Indiana.

## Parties

5. Jones was a citizen of the United States and the State of Indiana at all relevant times.

6. Howard County Clerk Kimmerly Wilson is current Clerk of Howard County. The Clerk of Howard County is the duly appointed constitutional office of clerk in Howard County, and is responsible for, inter alia, the administration of elections. Clerk Wilson is named only in her official capacity.

7. Howard County Sheriff Steve Rogers is the current Sheriff of Howard County. The Howard County Sheriff is the duly appointed constitutional office of

sheriff in Howard County, and is responsible for, inter alia, the administration of the Howard County Jail and the pre-trial detainees therein. Sheriff Rogers is named only in his official capacity.

8. Former Howard County Clerk Mona Myers was the Clerk of Howard County at times relevant to this action. Former Clerk Myers, as holder of the duly appointed constitutional office of clerk in Howard County, was responsible for, inter alia, the administration of elections. Former Clerk Myers is named in her official and personal capacities. Upon information and belief, Former Clerk Myers has a current place of business and/or residence located at 904 West Lincoln Road, Kokomo, Indiana, 56902.

9. Former Howard County Sheriff Marty Talbert was the Sheriff of Howard County at times relevant to this action. Former Sheriff Talbert, as holder of the duly appointed constitutional office of sheriff in Howard County, was responsible for, inter alia, the administration of the Howard County Jail and the pre-trial detainees therein. Former Sheriff Talbert is named in his official and personal capacities.

10. On information and belief, at all relevant times, Lt. Robin Byers was and remains an employee of the Howard County Sheriff. Lt. Byers is named in her official and personal capacities.

11. John Does 1-10 and Jane Does 1-10 are yet-to-be identified persons, municipalities, political subdivisions and/or any employees, agents and/or representatives of the Defendants previously named who conspired to or did

actually engage in the constitutional deprivations of Jones described herein. They are named in their official and personal capacities.

## Factual Allegations

12.  Mr. Jones was arrested on or around February 23, 2010. He was then subsequently detained, pending trial, at the Howard County Jail. The trial was conducted on or around November 15, 2010. At all times relevant to this action, Mr. Jones was over the age of eighteen years; was a pre-trial detainee; was neither on probation nor parole, and was subject to no other encumbrance of his right to vote. While he had a prior conviction, Jones was entitled to register and to vote by law as discussed below, and was not disqualified from doing so by operation of Indiana Code §§ 3-7-13-4 and 3-7-13-5, or by any other authority.

13.  On or around May 4, 2010, Mr. Jones attempted to vote in the primary election (hereinafter referred to as the "Primary Election") held in the State of Indiana, but was denied by the Defendants.

14.  Mr. Jones filed his first grievance regarding the deprivation of his right to vote shortly after May 4, 2010.

15.  On information and belief, on or around October 12, 2010, the American Civil Liberties Union of Indiana advised then-Sheriff Talbert, by letter, that Mr. Jones should be permitted to vote in the general election to be held in November 2010 ("General Election").

16. On or around October 13, 2010, Jones filed his second grievance regarding this issue, and requested he be allowed to vote in the upcoming General Election, but was denied by the Defendants.

17. On or around October 24, 2010, Jones filed his third grievance regarding this issue, and requested he be allowed to vote in the upcoming General Election, but was again denied. Lt. Byers advised Jones on or around this time that Lt. Byers had spoken with individuals at the Howard County Clerk's office, and had been told that individuals with prior convictions were not permitted to vote.

18. On or around November 1, 2010, Jones filed his fourth grievance regarding this issue, and requested he be allowed to vote in the upcoming General Election, but was again denied.

19. Jones was not allowed by the Defendants to vote in the General Election on November 4, 2010.

20. On information and belief, Former Clerk Myers had issued an opinion or policy ("Policy"), applicable to Jones and others in his situation, to the following effect: pre-trial detainees in the Howard County Jail with a previous conviction upon their record were disqualified from voting, even if their sentence for the previous conviction had been completed, and they suffered from no disenfranchisement by statute or other authority.

21. The Policy, adopted by the Howard County Clerk and the Howard County Sheriff, was subsequently applied to Jones and violated his constitutional

rights by depriving him of the right to vote, even though he was otherwise eligible under federal and state law.

22. The Howard County Clerk and the Howard County Sheriff adopted the underlying rationale and effect of the Policy as their custom or usage; and pursuant to this custom or usage, violated Jones's constitutional rights by depriving him of the right to vote even though he was otherwise eligible under federal and state law.

23. The implementation of the Policy, custom or usage mentioned above, by the agents and/or employees of the Howard County Clerk and the Howard County Sheriff was a direct and foreseeable result of the failure to train, supervise or discipline by the Howard County Clerk and the Howard County Sheriff.

24. On information and belief, in or around April 2011, Sheriff Rogers, after meeting with Clerk Wilson, revised the Policy that had been previously been utilized to deny Jones his right to vote.

25. The events, actions, policies, customs and failures of the Defendants described herein were part of an intentional and repeated pattern; constitute a continuing wrong suffered by Jones; and proximately caused Jones harm.

26. The Defendants, and each of them, acted under color of state law while subjecting Jones to the deprivation of his rights, privileges or immunities secured by the Constitution and laws.

27. All conditions precedent to the filing of this action have occurred or been performed.

## Legal Claims

28.     The Defendants' conduct described herein violated the guarantee of due process of law granted by the Fourteenth Amendment to the United States Constitution, and this violation proximately caused damages to Jones.

29.     The Defendants' conduct described herein violated the right to vote in both State and Federal elections guaranteed by the United States Constitution (*see Reynolds v. Sims*, 377 U.S. 533, 554 (1964), and this violation proximately caused damages to Jones.

30.     The Defendants' conduct described herein violated the right to vote guaranteed by the Article II of the Constitution of the State of Indiana and this violation proximately caused damages to Jones.

**WHEREFORE**, Jason Jones, by counsel, respectfully requests that this Court enter judgment in his favor and against the Defendants for compensatory damages, emotional distress damages, attorney fees, expenses and costs, and any other appropriate legal and equitable relief to which the Court may deem him entitled.

Respectfully submitted,

CAPLIN SNIDERMAN P.C.

_____
Mark W. Sniderman
Atty. No. 26599-49
11595 N. Meridian St., Ste. 300
Carmel, IN  46032
317.815.8600 Tel
317.575-0194 Fx
mark@caplinlaw.com

*Attorney for the Plaintiff*

Respectfully submitted,

CAPLIN SNIDERMAN P.C.

_____
Mark W. Sniderman
Atty. No. 26599-49
11595 N. Meridian St., Ste. 300
Carmel, IN  46032
317.815.8600 Tel
317.575-0194 Fx
mark@caplinlaw.com

*Attorney for the Plaintiff*